UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SIGNATURE SURGERY CENTER LLC, d/b/a SIGNATURE PLASTIC SURGERY, a Nevada corporation; and HIMANSU SHAH, an individual, | Case No. 2:21-cv-00215-JCM-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| CEL SERVICES GROUP, INC., d/b/a INSIGHT SURGICAL EQUIPMENT CO., an Illinois corporation; and ANDREW SIROTA, an individual, | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Extend Time for Service and for Alternative Service (ECF No. 6). Plaintiffs' Motion, together with the exhibits thereto, demonstrate multiple attempts to timely effect service on Defendants all of which were unsuccessful. Plaintiffs recently discovered a new address for Defendants through the Arizona Corporations Commission. Plaintiffs seek additional time to serve Defendants through ordinary means. Because Defendants have been difficult to serve, Plaintiffs also seek to serve Defendants through alternative means.

Federal Rule of Civil Procedure 4(m) states that if a plaintiff shows "good cause" for the failure to serve a defendant within 90 days after the complaint is filed, "the court must extend the time for service for an appropriate period." Generally, good cause is demonstrated "where a plaintiff has shown diligent efforts to effect service." *Mitchell v. City of Henderson*, Case No. 2:13-cv-01154-APG-CWH, 2015 WL 427835, at *7 (D. Nev. Feb. 2, 2015). Courts enjoy substantial discretion to enlarge the time for service "even if there is no good cause shown." *Henderson v. U.S.*, 517 U.S. 654, 662 (1996) (internal citation and quotation marks omitted).

Under Fed. R. Civ. P. 4(e)(1), service of Plaintiffs' Complaint filed in federal court may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Nevada Rules

of Civil Procedure 4(b)(1) allows services by alternative means when service allowed by Nev. R. Civ. P. 4.2, 4.3, and 4.4(a) are impractical.  Plaintiffs demonstrate good cause for the failure to serve Defendants within 90 days after the Complaint was filed.  Therefore, the Court grants Plaintiffs' request for an extension of time to serve the Complaint by traditional means.

The U.S. District Court for the District of Nevada in *Liberty Media Holdings, LLC v. Letyagin* explains that "[a]uthorizing service by email certainly is not traditional, but it does not appear that such service has been unequivocally prohibited by any court." Case No. 2:12-cv-00923-LRH-GWF, 2012 WL 13055381, at *1 (D. Nev. June 11, 2012); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (approving service of process by email).  When determining whether the Court should authorize service of process by email, the Ninth Circuit has articulated a two factor test: (1) whether the facts and circumstances necessitate court intervention and justify service by email; and (2) whether the plaintiff demonstrates that service by email is reasonably calculated to apprise the defendant of the action and afford him an opportunity to respond to the complaint.  *Rio Props., Inc.*, 284 F.3d at 1016; *see also St. Francis Assisi v. Kuwait Finance House*, Case No. 3:16-cv-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (applying the same analysis to service by posting a complaint on social media as applied to service by email). Here, Plaintiffs provide that Defendants' website provides an email address at which the Defendants can be contacted.  The company website is www.insight-surgical-equipment.com and the email address provided is info@insight-surgical-equipment.com.  The Court is concerned that the email address is not specific to an individual and there is no information offered indicating that Plaintiffs (or anyone else for that matter) has been successful in contacting Defendants through the website-provided email address.  Given that a new physical address is available, the Court finds it is prudent to see if service through ordinary means is successful before going to extraordinary lengths for service.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Extend Time for Service and for Alternative Service (ECF No. 6) is GRANTED in part and DENIED in part without prejudice.

IT IS FURTHER ORDERED that Plaintiffs shall have an additional 45 days within which to attempt service on Defendants through ordinary or standard means allowed by the Federal Rules of Civil Procedure incorporating state rules as applicable.

IT IS FURTHER ORDERED that if Plaintiffs are unsuccessful in achieving service within the additional 45 days granted, Plaintiffs may renew their motion and seek to serve through publication as well as through other alternative means.

Dated this 5th day of April, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE