UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SIGNATURE SURGERY CENTER LLC, d/b/a SIGNATURE PLASTIC SURGERY, a Nevada Corporation; and HIMANSU SHAH, an Individual;<br><br>Plaintiffs,<br><br>v.<br><br>CEL SERVICES GROUP, INC. d/b/a INSIGHT SURGICAL EQUIPMENT Co., an Illinois corporation; and ANDREW SIROTA, an Individual;<br><br>Defendants. | Case No. 2:21-cv-00215-JCM-EJY<br><br>**ORDER** |

**I.     Background**

Plaintiffs filed their Complaint on February 10, 2021. ECF No. 1. Subsequently, Plaintiffs made multiple unsuccessful attempts to effect timely service on Defendants at the address Defendants registered with the Arizona Corporation Commission and alternative addresses. All attempts were unsuccessful. ECF No. 6. Additional time was granted to Plaintiffs to effect service when a new location for Defendants was updated with the Arizona Corporation Commission (ECF No. 7); however, Plaintiffs have not been able to access Defendants because the address is an apartment building with secured doors. ECF No 8 at 3. Plaintiffs now seek another extension of time to effect service and request the Court's leave to serve Defendants through email, text message, posting on a public door, and publication. *Id*.

**II.    Alternative Service**

Defendants must be properly served with process under Rule 4 before a federal court may exercise jurisdiction over them. *See Scott v. Sebelius*, 379 Fed. Appx. 603, 604 (9th Cir. 2010) (citing *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). The Federal Rules of Civil Procedure do not expressly permit alternative service upon a defendant. However, Rule 4(e)(1) permits a plaintiff to serve a defendant "following state law for

serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  In this action the district court is in Nevada, but service is attempted in Arizona.  ECF No. 8.  If service is valid under the rules of one qualifying state, the court need not consider the law of the other qualifying state, nor need the court make any "choice of law" between qualifying states.  *See Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1005–06 (N.D. Iowa 2003) (cited by *Loc. Ad Link, Inc. v. Adzzoo, LLC*, Case No. 2:09-cv-01564-GMN, 2010 WL 3636173 (D. Nev. Sept. 9, 2010).  Alternative service law may therefore be assessed under either Arizona or Nevada law.  According to the Complaint, Defendants are residents of Arizona.  Hence, the Court applies the rules established by Arizona for alternative service.

In 1982, the U.S. Supreme Court held that posting on an apartment building door did not comport with due process where it was well known that children and other tenants remove notices without the summoned person ever learning of the action.  *Wright v. Beck*, 981 F.3d 719, 728 (9th Cir. 2020) (citing *Greene v. Lindsey*, 456 U.S. 444, 453 (1982)).  To comport with due process, any method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Wright*, 981 F.3d at 727 (internal citation omitted).

Arizona law enumerates several alternative methods for service of individuals and unincorporated associations if personal service is "impracticable."  Ariz. R. Civ. P. 4.1(k)(1); *see also Blair v. Burgener*, 245 P.3d 898, 903-04 (9th Cir. 2010) ("the showing for alternative service requires something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant … has avoided service of process."); *Barber v. Lilly*, Case No. CV-13-1270-PHX-LOA, 2013 WL 5498245, \*\*3-4 (D. Ariz. Oct. 1, 2013) (citing Ariz. R. Civ. P. 4.1(k) (personal service was impracticable after multiple failed attempts at personal service and that service by facsimile, email, and mail were enough to "assure that actual notice of the commencement of the action is provided to the person to be served").

**III.  Service by Posting a Notice, Email and Text is Denied.  However, Alternative Service by Publication is Granted**.

Plaintiffs show personal service is impracticable under Arizona law.  Plaintiffs attempted personal service at multiple addresses multiple times with no success.  ECF No. 8 at 4.  Plaintiffs demonstrate the required due diligence that must precede alternative service.  *Blair*, 245 P.3d at 903.  However, Plaintiffs fail to allege facts showing the door on which they seek to post notice is sufficiently reliable to warrant service by this method.  The secured door is accessible to not only those who live in the apartment building, but also members of the public.  While a pattern of removal is not shown, the notice could easily be removed by building management, another tenant or even a person walking by.  The secured door does not serve as a "reliable means of acquainting interested parties of the fact that their rights are before the courts."  *Greene*, 456 U.S. at 454.

Email service requested by Plaintiffs also does not comport with due process.  As the Court previously held, the email at which Plaintiffs propose to serve Defendants does not meet the due process requirements established by Arizona law.  Plaintiffs found Defendants' email address on a website at which Defendants may be contacted.  *See* www.insight-surgical-equipment.com showing the email address of info@insight-surgical-equipment.com.  The email address does not appear to belong to a specific individual and there is nothing indicating that Plaintiffs (or anyone else for that matter) has been successful contacting Defendants through this email address.

Similarly, text messaging service does not comport with due process.  The number Plaintiffs propose appears untested.  Plaintiffs provide no facts demonstrating the phone number is connected to Defendant Sirota.  A phone number must, when paired with other attempts at service, be calculated to reasonably "give Defendant actual notice of the proceedings."  Ariz. R. Civ. P. 4.1(d); *Barber*, 2013 WL 5498245 at **3-4.

The above said and based on Plaintiffs substantial efforts to serve Defendants Cel Services Group, Inc. and Sirota, the Court allows alternative services by publication.  As required by Arizona law, Plaintiffs must publish (1) the summons and a statement describing how a copy of the pleading being served may be obtained (2) in a newspaper that is promulgated in the county where the action is pending (Clark County, NV) and (3) in a newspaper that is promulgated in the county where the

last known address of Defendants (Maricopa County, AZ) (4) once a week for at least four successive weeks. Ariz. R. Civ. P. 4.1(l)(2)(A). Plaintiffs must file a notice with the Court demonstrating compliance with this process no later than ten (10) days after service by publication commences. "Service is complete 30 days after the summons and statement is first published in all newspapers where publication is required." Ariz. R. Civ. P. 4.1(l)(2)(D).

**IV.   Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' request for Alternative Service (ECF No. 8) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiffs are GRANTED an additional sixty (60) days measured from the date of this Order to serve Defendants.

IT IS FURTHER ORDERED that service of the Summons and Amended Complaint in this action be made on Defendants by publication of the Summons in a newspaper of general circulation in the area of Cel Services Group, Inc.'s last address provided to the Arizona Corporation Commission (Phoenix, Arizona) and in the Las Vegas Review–Journal or other newspaper of general circulation in Las Vegas, Nevada, where this matter is currently pending. The publication must run once per week for four consecutive weeks. The service of Summons and Amended Complaint will be deemed complete upon the expiration of four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Plaintiffs must file a notice of compliance with service by publication within ten (10) days of the date publication commences.

IT IS FURTHER ORDERED that Plaintiffs must also serve a copy of the Amended Complaint and Summons to Defendants via regular and certified U.S. Mail to Defendants' last known address.

IT IS FURTHER ORDERED that upon completion of attempted service by publication and mail, Plaintiffs must file a notice of compliance with the Court.

Dated this 10th of June, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE